UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 2:25-cv-00934 MWC (AGRx) | Date: March 31, 2025 |
| Title  Alonso v. Mercedes-Benz USA LLC *et al.* | |

Present: The Honorable: Michelle Williams Court, United States District Judge

| T. Jackson | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings: (In Chambers) Order DENYING Plaintiff's motion to remand (Dkt. 11)**

Before the Court is a motion to remand filed by Plaintiff Joeleen Alonso ("Plaintiff"). Dkt. # 11-1 ("*Mot.*"). Defendant Mercedes-Benz USA, LLC ("Defendant") opposed, Dkt. # 16 ("*Opp.*"), and Plaintiff replied, Dkt. # 26 ("*Reply*"). The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having considered the moving, opposing, and reply papers, the Court **DENIES** the motion to remand.

I.  Background

This case arises out of Plaintiff's purchase of a 2019 Mercedes-Benz S560V ("Vehicle") on February 19, 2022. Dkt. # 1-1 ("*Compl.*"), ¶ 6. Plaintiff alleges that "[a]t the time the [Vehicle] was delivered to Plaintiff, the [Vehicle] was not in merchantable condition, was not safe, and did not conform to the quality and safety guidelines reasonably expected of a motor vehicle." *Id.* ¶ 7. Plaintiff states that the Vehicle contained "multiple manufacture defects, defects in assembly, design defects, and other defects, rendering the vehicle unsafe and making it impossible for Plaintiff to use the vehicle without inconvenience, failure, and mechanical breakdown." *Id.* ¶ 12. On December 31, 2024, Plaintiff filed this lawsuit in Los Angeles Superior Court based on three causes of action: (1) breach of implied warranty; (2) breach of express warranty; and (3) violation of Song-Beverly Consumer Warranty Act ("Song-Beverly Act"). *Id.* ¶¶ 9–33. Plaintiff's complaint requests the following forms of relief: (1) incidental and consequential damages; (2) recission of the Vehicle purchase agreement; (3) civil penalties; (4) prejudgment interest at the legal rate; and (5) reasonable attorney's fees and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-00934 MWC (AGRx)                                                                    Date: March 31, 2025

Title   Alonso v. Mercedes-Benz USA LLC *et al.*

costs.  *Id.* 5:11–6:8.  On February 3, 2025, Defendant removed the matter to this Court based on diversity jurisdiction.  Dkt. # 1 ("*NOR*").

II.   Legal Standard

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute."  *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (internal quotation marks omitted).  Under 28 U.S.C. § 1441, a defendant may remove a civil action from state court to federal district court only if the federal court has subject matter jurisdiction over the case.  *See City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997) ("The propriety of removal thus depends on whether the case originally could have been filed in federal court.").  The case shall be remanded to state court if at any time before final judgment it appears a removing court lacks subject matter jurisdiction.  *See* 28 U.S.C. § 1447(c); *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 87 (1991).  Courts strictly construe the removal statute against removal jurisdiction.  *See Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009); *Luther v. Countrywide Home Loans Servicing, LP*, 533 F.3d 1031, 1034 (9th Cir. 2008).  "A defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability."  *Luther*, 533 F.3d at 1034; *see also Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) ("[A]ny doubt about the right of removal requires resolution in favor of remand.").

When it is not evident from the face of the complaint that the alleged damages exceed $75,000, a defendant must prove by a preponderance of the evidence that the jurisdictional threshold is met.  *Valdez v. Allstate Ins.*, 372 F.3d 1115, 1117 (9th Cir. 2004).  If the "defendant's assertion of the amount in controversy is challenged . . . . both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88 (2014).  Conclusory allegations that the amount in controversy is satisfied are insufficient.  *Matheson v. Progressive Specialty Ins.*, 319 F.3d 1089, 1090–91 (9th Cir. 2003) (per curiam).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-00934 MWC (AGRx)                                         Date: March 31, 2025

Title     Alonso v. Mercedes-Benz USA LLC *et al.*

III.   Discussion

   Under 28 U.S.C. § 1332, for the Court to properly have subject matter jurisdiction based on the diversity of the parties, all plaintiffs must be from different states than all defendants and the amount in controversy must exceed $75,000.  *See* 28 U.S.C. § 1332.  Plaintiff contends that Defendant failed to demonstrate diversity of citizenship and that the amount in controversy does not exceed $75,000.  *See generally Mot.*

   A.   Diversity of Citizenship

   The diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency.  To be a citizen of a state, a natural person must first be a citizen of the United States.  *Newman–Green, Inc. v. Alfonzo–Larrain,* 490 U.S. 826, 828 (1989).  "The natural person's state citizenship is then determined by her state of domicile, not her state of residence."  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).  A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return.  *See Lew v. Moss,* 797 F.2d 747, 749 (9th Cir. 1986).  A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state.  *See, e.g.*, *Weible v. United States,* 244 F.2d 158, 163 (9th Cir. 1957) ("Residence is physical, whereas domicile is generally a compound of physical presence plus an intention to make a certain definite place one's permanent abode, though, to be sure, domicile often hangs on the slender thread of intent alone, as for instance where one is a wanderer over the earth.  Residence is not an immutable condition of domicile.").

   Here, Plaintiff's complaint states that Plaintiff is a "resident" of California, *Compl.* ¶ 1, but Defendant's notice of removal asserts that Plaintiff is a citizen of California, *NOR* ¶ 5.  Defendant bears the burden of proof as the party asserting diversity jurisdiction.  *See Lew,* 797 F.2d at 749.  Defendant submits that Plaintiff has a California drivers' license, has resided in Sylmar, California for at least 10 years, and serviced the Vehicle in Glendale, California.  Dkt. # 16-1 ("*Gallagher Decl.*"), ¶¶ 6–9.  Plaintiff does not respond with rebutting evidence.  *See Mot.*  Instead, Plaintiff avers that Defendant's reliance on file materials is not admissible evidence and that regardless, the materials fail to demonstrate Plaintiff's intent to remain in California.  *Id.* 2:4–3:17.  The Court is unpersuaded.  At a minimum, a person's residence constitutes some evidence of domicile, and Plaintiff's residency in Sylmar reflects Plaintiff's intention to remain in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-00934 MWC (AGRx)                              Date: March 31, 2025

Title     Alonso v. Mercedes-Benz USA LLC *et al.*

Sylmar.  *See In re Scripps Health Data Sec. Breach Litig.*, 581 F. Supp. 3d 1225, 1229 (S.D. Cal. 2022) (recognizing that "at a minimum, a person's residence constitutes some evidence of domiciles").  Indeed, "a party with the burden of proving citizenship may rely on the presumption of continuing domicile, which provides that, once established, a person's state of domicile continues unless rebutted with sufficient evidence of change." *Mondragon v. Cap. One Auto Fin.*, 736 F.3d 880, 885 (9th Cir. 2013).

Defendant also establishes that it is a limited liability company organized under Delaware law, with its principal place of business in Georgia, and has only one member, Mercedes-Benz North America Corporation ("MBNAC").  *Opp.* 3:4–19.  MBNAC is a corporation organized under Delaware law with its principal place of business in Michigan.  *Id.*  Plaintiff does not dispute otherwise.  *See generally Mot.*; *Reply*.

Accordingly, Defendant has demonstrated diversity of citizenship.

B.     Amount in Controversy

"[T]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [the] defendant's liability." *Lewis v. Verizon Commc'ns. Inc.*, 627 F.3d 295, 400 (9th Cir. 2010).  Accordingly, "in assessing the amount in controversy, a court must 'assume that the allegations of the complaint are true and assume a jury will return a verdict for the plaintiff on all claims made in the complaint.'" *Campbell v. Vitran Express, Inc.*, 471 Fed. App'x. 646, 648 (9th Cir. 2012) (citation omitted).

In this action, Plaintiff brings a cause of action under the Song-Beverly Act. *Compl.* ¶¶ 24–33.  The Song-Beverly Act, also known as California's lemon law, allows consumers to receive damages in restitution for defective vehicles.  *See* Cal. Civ. Code §§ 1790 *et seq.*  "Courts calculate the amount of restitution under the law by first establishing an 'offset' amount for Plaintiff's use of the vehicle (purchase price multiplied by a fraction constituting miles driven divided by 120,000)." *Lee v. FCA US, LLC*, No. CV 16-5190 PSG (MRWx), 2016 WL 11516754, at *2 (C.D. Cal. Nov. 7, 2016).  "The Court then subtracts the 'offset' from the vehicle's purchase price to get the amount of restitution." *Id.* (citation omitted).  "The Song-Beverly Act also permits Plaintiff to recover a civil penalty in the amount of two times the restitution." *Id.* (citation omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  2:25-cv-00934 MWC (AGRx) | Date: March 31, 2025 |
| Title  Alonso v. Mercedes-Benz USA LLC *et al.* | |

  Here, Plaintiff "seeks reimbursement for the costs of financing, and owning the Vehicle, rescission of the purchase agreement of the Vehicle, restitution damages, reimbursement for costs relating to repairing the Vehicle, attorney's fees, and a civil penalty in an amount to be proved at trial." *Compl.* ¶ 33.  Plaintiff purchased the Vehicle for $95,475.52.  *See* Dkt. 1-2.  At the time of purchase, the Vehicle had 35,827 miles on the odometer.  *Id.*  Plaintiff's first warrantable concern occurred at 37,962 miles, making the earliest possible (and least valuable) mileage offset in this case 2,135 miles.  *Gallagher Decl.* ¶ 4.  Using the 2,135-mile number, the mileage offset in this case is $1,698.67 ($95,475.52 x (2,135/120,000)).  Thus, the amount in controversy exceeds $75,000.

  Accordingly, the $75,000 jurisdictional requirement has been satisfied.

IV. <u>Conclusion</u>

  For the foregoing reasons, the Court **DENIES** Plaintiff's motion to remand.

  **IT IS SO ORDERED.**

|  | : |
|---|---|
| **Initials of Preparer** | TJ |